1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

RUCHELL GILBERT,

CASE NO. C18-0798-JCC

10

Petitioner,

ORDER

11

v.

12

UNITED STATES OF AMERICA,

13

Respondent.

14

15     This matter comes before the Court on Petitioner's 28 U.S.C. § 2255 motion to vacate or
16  correct his sentence (Dkt. No. 1) and motion for appointment of counsel (Dkt. No. 2).

17     Before directing service and answer to a habeas corpus petition, the Court must determine
18  whether the motion, the files, and the records of the case "conclusively show that the prisoner is
19  entitled to no relief." 28 U.S.C. § 2255(b). The Court has conducted such a preliminary review,
20  and the record does not conclusively show that the prisoner is entitled to no relief.

21     The Court also GRANTS Petitioner's motion for appointment of counsel (Dkt. No. 2).
22  While there is no general right to have counsel appointed in cases brought under 28 U.S.C.
23  § 2255, unless an evidentiary hearing is required, *see Terrovona v. Kincheloe*, 852 F.2d 424, 429
24  (9th Cir. 1988), the Court may exercise its discretion to appoint counsel for a financially eligible
25  individual where the "interests of justice so require." 18 U.S.C. § 3006A. The Court previously
26  ordered appointment of counsel in Defendant's underlying criminal case in order to assist him in

filing a section 2255 petition. *See United States v. Ruchell Gilbert*, Case No. CR12-0237-JCC, Dkt. No. 1053 (W.D. Wash. Feb. 16, 2018). Considering the record, the Court finds it appropriate for current counsel, Jennifer Kaplan, to represent Defendant during the pendency of this habeas proceeding.

Accordingly, the Court ORDERS as follows:

(1)     The Clerk shall direct a copy of this order to Petitioner.

(2)     If not previously accomplished, electronic posting of this order and petition shall effect service upon the United States Attorney of copies of the 2255 motion and of all documents in support thereof.

(3)     Within forty-five days after such service, the United States shall file and serve an answer in accordance with Rule 5 of the rules governing section 2255 cases. As part of such answer, the United States should state its position as to whether an evidentiary hearing is necessary, whether there is any issue as to abuse or delay under Rule 9, and whether Petitioner's motion is barred by the statute of limitations.

(4)     The United States shall note the answer for consideration on the fourth Friday after it is filed. Petitioner may file and serve a reply to the answer no later than that noting date.

(5)     Jennifer Kaplan is appointed as counsel of record for Petitioner throughout this civil proceeding.

DATED this 11th day of June 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE